IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WILLIAM F.[1] | : | Case No. 3:24-cv-00302 |
| | : | |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

### REPORT AND RECOMMENDATION[2]

Plaintiff William F. brings this case challenging the Social Security Administration's denial of his applications for a period of disability and Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #11), Plaintiff's Reply (Doc. #12), and the administrative record (Doc. #7).

**I.     Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.
[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

Plaintiff protectively applied for benefits in November 2021, alleging disability commencing April 22, 2021, due to several impairments, including a spinal fusion with pins, screws, and plates in his back; bulging and herniated discs; gout; kidney stones; high blood pressure; and borderline diabetes. (Doc. #7-5, *PageID* #s 247-60); (Doc. #7-6, *PageID* #325). After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Nicholas J. Schwalbach.

Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[3] He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since April 22, 2021, the alleged onset date.

Step 2: He has the following severe impairments: degenerative disc disease with post laminectomy syndrome; obesity; hypertension; residuals of a right meniscal tear status-post repair surgery; diabetes mellitus with polyneuropathy; gout; major depressive disorder; and post-traumatic stress disorder.

Step 3: Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of performing "light work… except lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk six hours and sit six hours in an eight hour workday; occasionally stoop, kneel, climb

---

[3] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

|  |  |  |
|---|---|---|
|  |  | ramps or stairs, crouch, and crawl; no climbing ladders, ropes, or scaffolds; avoid all exposure to dangerous machinery, unprotected heights, and commercial driving; understand, remember, and carry out simple instructions and perform routine tasks; use judgment to make simple work-related decisions; can perform goal-oriented work (e.g., office cleaner) but is unable to perform at a production-rate pace (e.g., assembly line work) or jobs with strict production quotas; occasional contact with coworkers, supervisors but no teamwork or tandem tasks, and no contact with the public as part of job duties; and occasional changes in an otherwise routine work setting explained in advance to allow time for adjustment to new expectations." |
|  | Step 4: | He is unable to perform any past relevant work. |
|  | Step 5: | Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. |

(Doc. #7-2, *PageID* #s 55-68). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability from April 22, 2021, through the date of his decision. *Id.* at 68.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 53-68), Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #11), and Plaintiff's Reply (Doc. #12). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III. <u>Discussion</u>

Plaintiff seeks a remand for further proceedings pursuant to Sentence Six of 42 U.S.C. §405(g) on the ground that the administrative record contains new and material evidence since the ALJ denied his application. (Doc. #8, *PageID* #s 1702-07). Specifically, Plaintiff contends that the January 2024 Functional Capacity Evaluation from Workwell/Ohio State University Hospital East meets the Sentence Six standards of being new and material. *Id*. He argues that the January 2024 Functional Capacity Evaluation is "by far the most detailed and comprehensive medical assessment in the record." *Id*. at 1707.

The Commissioner maintains that the Appeals Council already considered the evidence Plaintiff submitted and determined that it did not relate to the period at issue. (Doc. #11, *PageID*

#s 1720-21). According to the Commissioner, Plaintiff also has not shown he had good cause for its late submission. *Id*. at 1722-23. Furthermore, regarding the materiality component, the Commissioner argues that the evidence submitted contains a functional capacity evaluation assigning work preclusive limitations and amounts to an opinion on an issue reserved for the Commissioner, which means it would be unlikely to change the outcome of the ALJ's decision. *Id*. at 1723-24.

Sentence Six of 42 U.S.C. § 405(g) provides that "[t]he court… may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" There is no dispute by either party that the evidence Plaintiff is trying to submit is "new" as required by this provision. (Doc. #8, *PageID* #1704); (Doc. #11, *PageID* #1722). The parties, do, however, dispute whether the evidence is "material" and whether there was "good cause" for Plaintiff not submitting the evidence during the proceeding before the ALJ. *Id*. As set forth below, the undersigned finds that Plaintiff has not shown good cause for the late submission. As a result, there is no need to assess whether the evidence is material.

The Sixth Circuit "takes a harder line on the good cause test with respect to timing and thus requires the claimant to give a valid reason for his failure to obtain evidence prior to the hearing." *Courter v. Comm'r of Soc. Sec.*, 479 F. App'x. 713, 725 (6th Cir. 2012) (citation and internal quotation marks omitted). Indeed, the Sixth Circuit has recognized that the "good cause" provision "was enacted, at least in part, to limit the discretion of federal judges to remand for reconsideration

5

of new evidence." *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984). In order to demonstrate "good cause," the claimant is required to detail the obstacles that prevented him from entering the evidence in a timely manner. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007). "The mere fact that evidence was not in existence at the time of the ALJ's decision does not necessarily satisfy the 'good cause' requirement." *Courter*, 479 F. App'x. at 725.

In this case, Plaintiff has not demonstrated good cause for his failure to introduce the Functional Capacity Evaluation in the proceedings before the ALJ. Indeed, Plaintiff does not provide any explanation for his failure. While the evidence was not available until after the hearing, this alone does not satisfy the good cause requirement. *See Courter*, 479 F. App'x. at 725.

Moreover, during the hearing before ALJ Schwalbach, in response to the ALJ's question, Plaintiff's counsel reported that the file was complete. (Doc. #7-2, *PageID* #78). At the end of the hearing, the ALJ once again asked Plaintiff's counsel if she had anything else she wanted to say, providing an opportunity for the record to be kept open for additional evidence, but Plaintiff's counsel indicated that she thought she "covered everything in the opening remarks." *Id*. at 100. The ALJ then closed the record, stating that a written decision would be issued "in the coming weeks." *Id*. If Plaintiff's counsel was aware that the functional capacity examination was scheduled two months after the hearing, it is not unreasonable for Plaintiff's counsel to have asked for the record to be kept open for an additional, scheduled medical examination, particularly one that Plaintiff anticipated being "by far the most detailed and comprehensive medical assessment in the record." (Doc. #8, *PageID* #1707). No evidence, however, indicates that Plaintiff's counsel requested that the record be kept open. *See Willis*, 727 F.2d at 554 ("[C]ounsel for Appellant did

not seek to have the record remain open until such time as other evidence could be made a part of the record. Nothing in the record indicates any good cause for the failure to elicit medical testimony from Dr. Giray, prior to the close of the proceedings before the ALJ."). If, however, the medical examination was not scheduled until after the ALJ's November 14, 2023 unfavorable decision, "[t]he good cause requirement is not met by the solicitation of a medical opinion to contest an ALJ's decision." *Edgell v. Comm'r of Soc. Sec. Admin*., No. 5:19CV2398, 2020 WL 5646150, at *12 (N.D. Ohio July 15, 2020), *report and recommendation adopted sub nom. Edgell v. Comm'r of Soc. Sec.*, No. 5:19CV2398, 2020 WL 5642115 (N.D. Ohio Sept. 22, 2020), citing *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997). Therefore, even assuming Plaintiff's evidence is new and material, Plaintiff has not sufficiently demonstrated good cause. Accordingly, since Plaintiff must prove all three elements to receive a Sentence Six remand, the undersigned finds the requirements for a Sentence Six remand not satisfied here.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Statement of Errors (Doc. #8) requesting to remand this matter to the Commissioner under the Sixth Sentence of 42 U.S.C. § 405(g) be **DENIED;**

2. The Commissioner's non-disability finding be **AFFIRMED**; and

3. The case be terminated on the Court's docket.

December 23, 2025                    *s/ Peter B. Silvain, Jr.*
                                      Peter B. Silvain, Jr.
                                      United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).